O

# United States District Court
# Central District of California

| | |
|---|---|
| BODY JEWELZ, INC., <br><br>           Plaintiff, <br><br>    v. <br><br>VALLEY FORGE INSURANCE COMPANY; CNA FINANCIAL CORPORATION; CNA EQUIPMENT BREAKDOWN RISK CONTROL; GODADDY, INC.; and DOES 1 through 100, <br><br>           Defendants. | Case № 2:17-cv-00140-ODW (PLA) <br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [9]** |

## I. INTRODUCTION

This lawsuit stems from the "crash" of Plaintiff Body Jewelz Inc.'s website. Before the Court is Defendant GoDaddy Inc.'s ("GoDaddy") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. (ECF No. 9.) The Court **GRANTS IN PART** and **DENIES IN PART** GoDaddy's motion to dismiss.

## II. FACTUAL BACKGROUND

Plaintiff owns a business in Los Angeles. (Compl. ¶ 1, ECF No. 1-1.) GoDaddy is an Arizona-based provider of "online services and website monitoring for

individuals and businesses." (*Id.* ¶ 3; Not. of Removal ¶ 9, ECF No. 1.) Plaintiff entered into a "written and implied contract" with GoDaddy to "manage, administer, and monitor Plaintiff's website." (Compl. ¶ 40.) On August 4, 2015, Plaintiff's website "crashed." (*Id.* ¶ 6.) Plaintiff "lost thousands of dollars in online orders and had to rebuild its website" as a result of the "crash." (*Id.*) On October 7, 2016, Plaintiff filed this lawsuit alleging four claims against GoDaddy: (1) breach of contract; (2) fraud in the performance; (3) negligent misrepresentation; and (4) negligence.[1] (*Id.* ¶¶ 39–55.) On January 6, 2017, GoDaddy removed the case to federal court. (ECF No. 1.) GoDaddy filed this Rule 12(b)(6) motion to dismiss on January 13, 2017.[2] (ECF No. 9.) The motion is now fully briefed and ready for decision.[3] (ECF Nos. 20–21.)

### III. LEGAL STANDARD

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The

---

[1] Plaintiff has separately alleged claims for breach of the implied covenant of good faith and fair dealing and breach of contract against Defendants Valley Forge Insurance Company, CNA Financial Corporation, and CNA Equipment Breakdown Risk Control for their denial of insurance coverage after the "crash." (Compl. ¶¶ 15–38.)

[2] Plaintiff alleges GoDaddy failed to meet and confer before filing the pending motion. (Opp'n 2–3, ECF No. 20); *see also* C.D. Cal. L.R. 7-3. GoDaddy alleges that it already met and conferred with Plaintiff regarding this motion when it was filed as a demurrer in state court. (Reply 13–14, ECF No. 21.) Regardless of what happened, the Court will not invoke its discretion to dismiss this case on account of GoDaddy's failure to meet and confer because Plaintiff has not alleged any resulting prejudice. *See Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (denying request to dismiss for failure to comply with Rule 7-3 where plaintiff suffered no resulting prejudice).

[3] After considering the papers filed in connection with the motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Fraud-based claims are subject to the heightened Rule 9(b) pleading standard. Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Although conclusory allegations of the circumstances constituting the alleged fraud are insufficient, *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), a party is not required to plead with specificity the alleged wrongdoer's state of mind, *see Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

## IV.  DISCUSSION

///

**A. Judicial Notice**

Courts considering a Rule 12(b)(6) motion to dismiss are generally limited to information contained in the complaint. *Lee*, 250 F.3d at 688. When courts take into account additional information, they run the risk of converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). However, there are two instances in which courts are allowed to take into account information outside of the complaint without converting the motion into one for summary judgment: judicial notice and incorporation by reference. *See Hsu v. Puma Biotech., Inc.*, No. SACV150865AGJCGX, 2016 WL 5859000, at *3 (C.D. Cal. Sept. 30, 2016) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Judicial notice allows courts to consider a fact that is not subject to reasonable dispute because it is generally known within the territory or can be determined from sources of unquestionable accuracy. Fed. R. Evid. 201. Incorporation by reference allows a court to consider documents that are physically attached to the complaint or those which are (1) referenced in the complaint, (2) central to the plaintiff's claim, and (3) of unquestioned authenticity by either party. *See Hsu*, 2016 WL 5859000, at *4 (citing *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006)).

GoDaddy asks the Court to consider two documents extrinsic to the complaint in adjudicating its motion to dismiss: a Hosting Agreement and a Universal Terms of Service Agreement.[4] (RJN, Exs. 1–2, ECF No. 10.) GoDaddy alleges that "all customers who purchase [its] hosting services," must agree to the Hosting Agreement's terms before receiving such services. (Mot. 8, ECF No. 9.) Thus, it argues that the Hosting Agreement is the "written" contract referenced in Plaintiff's complaint (or at least part of the "written" contract) and that Plaintiff should be bound by its terms. (Reply 4.)

---

[4] The Hosting Agreement expressly incorporates the Universal Terms of Service Agreement. (*See* RJN, Ex. 2 at 1.)

4

The Court will not consider the agreements in connection with this motion to dismiss. First, the Court cannot take judicial notice of facts contained in the agreements because those facts are not generally known within the territory or derived from sources of unquestionable accuracy. *Cf. Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.")

Second, the Court cannot invoke the incorporation by reference doctrine because Plaintiff explicitly "questions the authenticity of these documents." (Opp'n 6.) While Plaintiff does not offer clear reasons for questioning "the authenticity of the documents," the Court is wary of considering these generic[5] agreements, which obviously do not constitute the entire final contract[6] between the parties. (RJN Ex. 1–2); *see also Precision Orthopedic Implants Inc. v. Limacorporate S.P.A.*, No. 216CV02945ODWPLA, 2016 WL 7378878, at *3–4 (C.D. Cal. Dec. 20, 2016) (denying request for incorporation by reference where it was clear that the contract submitted was not the entire final contract between the parties).[7] In sum, neither judicial notice nor incorporation by reference is appropriate in this case and the Court will not consider the agreements in connection with this motion.

**B. Claims**

    **1. Breach of Contract**

---

[5] The agreements do not contain any information specific to Plaintiff. (*See* RJN, Exs. 1–2.)

[6] The agreements do not contain any of the financial terms that govern the parties' relationship.

[7] Courts have considered user agreements in connection with motions to dismiss. However, the circumstances in those cases are distinct from the circumstances here. *See Noll v. eBay, Inc.*, 282 F.R.D. 462, 463 n.1 (N.D. Cal. 2012) (considering a user agreement where there was "no dispute" as to the agreement's authenticity); *see also Mehmet v. Paypal, Inc.*, No. C-08-01961 RMW, 2008 WL 3495541, at *3 (N.D. Cal. Aug. 12, 2008) (considering a user agreement where the complaint referenced a "Paypal User Agreement" and "relie[d] on it in support of its factual allegations").

A cause of action for breach of contract requires proof of four elements: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *See Zamora v. Solar*, No. 2:16-CV-01260-ODW-KS, 2016 WL 3512439, at *3 (C.D. Cal. June 27, 2016) (citing *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).

Plaintiff alleges the existence of a contract. (Compl. ¶ 40.) In this contract, Plaintiff paid "money to GoDaddy" and GoDaddy "manage[ed], administer[ed,] and monitor[ed] Plaintiff's website and online services." (*Id.*) Plaintiff alleges that GoDaddy breached this contract when it failed to "manage and monitor" Plaintiff's website and failed to perform "preventative management" that presumably would have kept Plaintiff's website from crashing. (*Id.* ¶ 41.) Plaintiff also alleges that it performed under the contract and that "GoDaddy's conduct" was the proximate cause of "thousands of dollars" in damages it suffered from the "crash." (*Id.* ¶¶ 42–43.) Though Plaintiff could have been more specific about exactly how GoDaddy's conduct caused the breach, the Court finds that these allegations are sufficient under Rule 8(a)'s "short and plain statement" standard. Accordingly, the Court **DENIES** Defendant's motion to dismiss as to Plaintiff's breach of contract claim.

**2. Fraud and Negligent Misrepresentation**

A cause of action for fraud requires proof of five elements: (1) misrepresentation; (2) knowledge of the statement's falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1184 (1993); *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). The elements of a negligent misrepresentation claim are similar: (1) misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance by the party to whom the misrepresentation was directed; and (5) damages. *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).

The alleged misrepresentations in this case stem from statements GoDaddy's technicians made after the "crash" on August 4, 2015. (Compl. ¶ 45.) Apparently on December 17, 2015, and January 8, 2016, Defendant's technicians told persons working on Plaintiff's behalf that they "did not know what caused Plaintiff's website to crash." (*Id.*) Plaintiff alleges that these statements were untrue, implying that GoDaddy knew the cause of the "crash." (*Id.* ¶ 47.)

As GoDaddy points out, Plaintiff's fraud-based claims are fatally flawed. (Reply 12–13.) To begin, Plaintiff has not adequately pleaded reliance. The alleged misrepresentations seemingly occurred after Plaintiff suffered the alleged damages. (Compl. ¶ 6, 45.) For there to be reliance, the opposite is required: misrepresentations followed by some resulting damage. Reliance is not possible on the facts alleged.

Plaintiff's misrepresentation claims also suffer from a related causation problem; the alleged misrepresentations were not the cause of Plaintiff's damages, the "crash" and GoDaddy's alleged failure to "manage, administer[,] and monitor Plaintiff's website" were. (*See* Reply 13.) Because Plaintiff has failed to allege the necessary elements for negligent misrepresentation and fraud, the Court **GRANTS** Defendant's motion to dismiss as to those claims. These dismissals are with *leave to amend*. *See Balistreri*, 901 F.2d at 701 (explaining the Ninth Circuit's lenient leave to amend policy).

### 3. Negligence

A cause of action for negligence requires proof of duty, breach, causation, and damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001). Plaintiff alleges that GoDaddy had a duty to "manage, administer, and monitor Plaintiff's website and online transactions" and that GoDaddy breached its duty by "failing to manage and monitor Plaintiff's website." (Compl. ¶¶ 40–41.) Plaintiff also alleges causation and damages. (*Id.* ¶¶ 41–43.) Thus, Plaintiff has alleged the elements of negligence.

Nevertheless, the Court finds that the economic loss rule bars Plaintiff's negligence claim. The economic loss rule holds that economic losses are recoverable "in contract alone." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The practical effect of this rule is that claims for negligence involving only economic loss are generally dismissed in favor of breach of contract claims. *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2013 WL 4530470, at *9 (N.D. Cal. Aug. 26, 2013) (cumulating cases where tort claims, including negligence, were dismissed on the basis of the economic loss rule).

Plaintiff has alleged only economic loss in connection with its negligence claim. (Compl. ¶ 55 ("Plaintiff suffered an economic loss, in an amount exceeding $500,000.").) Therefore, Plaintiff's negligence claim must be dismissed in favor of its breach of contract claim unless an exception to the economic loss rule applies.

Exceptions to the economic loss rule include cases involving (1) a personal injury, (2) physical damage to property, (3) a "special relationship," or (4) some other common law exception to the rule. *See Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) (citing *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799 (1979)). Plaintiff does not allege that this case implicates a personal injury, physical damage to property, or other common law exception. (Opp'n 10–13.) Plaintiff's sole argument appears to be that it has a "special relationship" with GoDaddy.[8]

Plaintiff cites *J'Aire v. Gregory*, 24 Cal. 3d 799 (1979) to support its claim that a "special relationship" exists between it and GoDaddy. *J'Aire* involved a plaintiff/restaurant owner who was attempting to sue his landlord's contractor for "loss of business and loss of profits" based on the contractor's failure to timely complete certain renovations of the building the plaintiff leased. 24 Cal. 3d at 802. The California Supreme Court found that in order for the plaintiff to recover economic

---

[8] Plaintiff does not mention the "special relationship" exception by name, but references *J'Aire* in its opposition. (Opp'n 11.) This suggests that it is arguing for the special relationship exception.

damages in tort, it was required to prove a "special relationship with the contractor." *Id.* at 804. The court invoked a six-factor test derived from *Biakanja v. Irving,* 49 Cal. 2d 647, 650 (1958) to determine whether the plaintiff had done so. *Id.* The six factors are "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *Id.* Balancing the factors, the court found that the plaintiff had a special relationship with the contractor and could recover economic damages from the contractor in tort. *Id.* at 804–805.

However, the Court finds that the special relationship exception is not applicable here where, unlike in *J'Aire*, Plaintiff and Defendant are in privity of contract.[9] Other courts in this district have taken the same position. *Dep't of Water & Power of City of Los Angeles v. ABB Power T & D Co.*, 902 F. Supp. 1178, 1188 (C.D. Cal. 1995) ("The Court concludes that California Supreme Court cases are clear: the six-factor test should be applied only when parties are not in privity."); *Elsayed v. Maserati N. Am., Inc.*, No. SACV1600918CJCDFMX, 2016 WL 6091109, at *10 (C.D. Cal. Oct. 18, 2016) ("The Court refuses to extend the special relationship exception to encompass direct [contractual] relationships.").

Even the most cursory review of *J'Aire*'s six-factor test reveals that it was not intended for application to parties in privity. *See Elsayed*, 2016 WL 6091109, at *10. If the *J'Aire* test was applied in such cases, essentially all of the parties' relationships would be deemed "special." *Id.* ("The first, second, and fourth *J'Aire* factors would almost *always* find a special relationship between directly-contracting parties: the

---

[9] In both *J'Aire* and its predecessor *Biakanja*, the plaintiff was *not* in privity of contract with the defendant. *See J'Aire*, 24 Cal. 3d at 802–804; *Biakanja,* 49 Cal. 2d at 651; *see also R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL 6663002, at *5 (N.D. Cal. Nov. 11, 2016) ("By their terms, *J'aire* and *Biakanja* only apply where the parties are not in direct contractual privity.")

transaction would always be intended to affect the plaintiff, the harm would nearly always be foreseeable, and the connection between the defendant's conduct and the injury would always be close." (emphasis in original)). This outcome would be entirely at odds with the "special relationship" exception's characterization as a "narrow" or "limited" exception. *Id.*; *Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 204, 211 (1997).

Beyond these considerations, public policy also favors broad imposition of the economic loss rule. Allowing parties to essentially recover for breach of contract in tort undermines the "predictability" that parties seek when they enter into a contract. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988) ("[P]redictability about the cost of contractual relationships plays an important role in our commercial system."); *Dep't of Water & Power*, 902 F. Supp. at 1189 ("There is simply no justification for extending potential tort liability under the six-factor test to commercial parties that have negotiated their own contractual obligations."). When parties are unable to fully ascertain the potential liabilities associated with a proposed business transaction, they are less likely to enter into that transaction. *Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999) (suggesting that tort duties are meant to "aid rather than discourage commerce.") (quoting *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 106 (1995)). For all of these reasons, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's negligence claim.[10] As Plaintiff's

---

[10] The Court notes that Plaintiff cites *North American Chemical v. Superior Court*, 59 Cal. App. 4th 764 (1997), a California Court of Appeals case extending the "special relationship" exception to a plaintiff in a contract with a defendant for the provision of services. (Opp'n 11.) However, the Court is not bound to follow this decision because the California Supreme Court has yet to rule on the issue. *See, e.g., R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *5 ("[T]he California Supreme Court has not addressed the issue of *J'Aire*'s application where the parties are in privity of contract."); *Gen. Motors Corp. v. Doupnik*, 1 F.3d 862, 865 n.4 (9th Cir. 1993) (finding that while California Appellate Court decisions may provide guidance, federal courts sitting in diversity are only bound to follow decisions of the California Supreme Court). With the California Supreme Court having only found special relationships in the "third party" cases, and based on the analysis above, the Court finds the California Supreme Court will ultimately determine that parties in arms-length services contracts are not subject to the special relationship exception. Simply put, these relationships are not special.

negligence claim is barred by the economic loss rule, the dismissal is *without leave to amend*.

## V. CONCLUSION

The Court **DENIES** Defendant's motion to dismiss as to Plaintiff's breach of contract claim, **GRANTS** Defendant's motion as to Plaintiff's fraud and negligent misrepresentation claims *with leave to amend* and **GRANTS** Defendant's motion as to Plaintiff's claims for negligence *without leave to amend*. (ECF No. 9.) Plaintiff has **thirty days** to amend the complaint.

**IT IS SO ORDERED.**

March 14, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**